UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *BRETT ALLEN SESSIONS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:14-cv-384-JHR* |
| | ) | |
| *CAROLYN W. COLVIN, Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### *MEMORANDUM DECISION*[1]

In this Social Security Disability ("SSD") appeal, the plaintiff challenges the weight assigned by the administrative law judge to the opinion of a physical therapist, the failure of the administrative law judge to find that his sleep apnea was a severe impairment, and the failure of the administrative law judge to evaluate his obesity as required by Social Security Ruling 02-1p. Because the administrative law judge failed to explain how obesity is accounted for in her residual functional capacity (RFC) assessment of the plaintiff, the commissioner's decision is reversed.

### I.   The Motion to Remand

In advance of the June 12 oral argument in this case, the defendant's deadline for filing any motion to remand was March 9, 2015. ECF No. 8. The day before that deadline, the defendant filed a motion to extend it to March 20, which was granted. ECF No. 10. The defendant's

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The plaintiff has filed the itemized statement of specific errors upon which he seeks reversal of the commissioner's decision that is required by Local Rule 16.3(a), along with the fact sheet that is also required. The defendant has not filed the written opposition ordinarily required by that rule, but has addressed the merits of the plaintiff's arguments in her motion to remand. ECF No. 11. Oral argument was held before me on June 12, 2015, at which the parties set forth their respective positions. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 15.

contested motion to remand did not go under advisement until April 27, one day after the deadline for the defendant's reply memorandum and only about six weeks before oral argument.  In a nutshell, the parties' dispute regarding remand revolved around the defendant's willingness to remand on the obesity issue, but not on the opinion of the physical therapist or the sleep apnea question.  The plaintiff's counsel argued that "[o]ver the course of many years, the undersigned has agreed . . . to the vast majority of remand orders proposed by the Commissioner[,]" Response to Defendant's Motion to Remand (ECF No. 12) at 4, but that in this case, all three issues should be heard on remand "so Plaintiff is not in limbo for the next three years . . . ." *Id*.  The defendant urged this court to apply its decision in *Smith v. Astrue*, No. 2:12-cv-7-DBH, 2012 WL 4800176 (D. Me. Aug. 29, 2012), and remand on the obesity issue only.  I decline both parties' invitation to apply a categorical approach.  As noted in *Smith*, a remand limited to a single issue can "certainly serve judicial economy," *id*. at *2, but the plaintiff's concern "about the yo-yo effect that might arise from unnecessarily restrictive voluntary remand orders[,]" *Thibodeau v. Social Sec. Admin. Comm'r*, No. 1:10-00371-JAW, 2011 WL 4344561, at *1-*2 & n.2 (D. Me. Sept. 13, 2011), is equally understandable.  The issue is best decided on a case-by-case basis depending, *inter alia*, on the number of contested issues in dispute, the complexity of those issues, and the timeliness of the remand motion.  Here, the two narrow additional issues raised by the plaintiff and the temporal proximity to oral argument (approximately six weeks prior) persuaded me to take no action on the defendant's contested motion to remand and hear all three issues at oral argument.  Under the circumstances of this case, the court need not reach the motion to remand.  That motion accordingly is **MOOT**.

## II.     The Appeal

### A. Factual Background and Applicable Law

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2011, Finding 1, Record at 14; that, through the date last insured, the plaintiff suffered from atrial fibrillation with coronary artery disease, status post cubital tunnel surgeries/ulnar nerve releases bilaterally, left shoulder degenerative joint disease/bursitis status post surgery, deQuervains tenosynovitis bilaterally, and obesity, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 15-16; that, through the date last insured, he had the RFC to perform light work, except that he could only occasionally push or pull with the left upper extremity, could never climb ladders, ropes or scaffolds, could occasionally climb ramps and stairs, balance, stop, crouch, kneel, and crawl, could only occasionally reach bilaterally both overhead and in front and laterally, could occasionally finger with the left hand, should avoid work at unprotected heights and use of vibratory tools, and could understand, remember, and carry out simple, repetitive instructions, Finding 5, *id*. at 16; that, through the date last insured, he was unable to perform any past relevant work, Finding 6, *id*. at 18; that, given his age (52 on the date last insured), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404. Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy before the date last insured that the plaintiff could have performed, Findings 7-10, *id*. at 19; and that,

therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, October 19, 2007, through the date last insured, Finding 11, *id*. at 20.  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### B.  Discussion

#### 1.  Opinion of Examining Physical Therapist

The plaintiff contends that he is entitled to remand because the administrative law judge's opinion "does not adequately account for" the opinion of Nicholas Hodsdon, a physical therapist to whom his primary care physician referred him for an evaluation of his work capacity, to the effect that the plaintiff was limited to occasional static standing and to part-time work up to 5-6

hours per day.  Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 8) at 2.  This is the opinion of a physical therapist, who is not an acceptable medical source under Social Security regulations, 20 C.F.R. § 404.1513(a), and may present evidence of the severity of an impairment, but not its existence.  2 C.F.R. § 404.1513(d).

The plaintiff cites no authority in support of his position.  The administrative law judge stated that she gave significant weight to the opinion of the state-agency medical consultant.  Record at 18.  She addressed the physical therapist's opinions directly as follows:

> The evaluating physical therapist concedes that clinical observations of functional ability suggests that the claimant could tolerate employment with light physical demand and that he was capable of frequent sitting and dynamic standing activity.  However, weight cannot be given to the limitation that the claimant can work only 5-6 hours at part time work, because there is no objective clinical evidence to indicate such limitation (Exhibit 50F).

*Id*.

The plaintiff does not explain how adoption of Hodsdon's limitation to occasional static standing, as opposed to frequent dynamic standing, *id*. at 865, would require a different outcome on his claim for benefits, a fatal flaw in his presentation.  *See, e.g., Hatt v. Social sec. Admin. Comm'r*, No. 1:13-cv-00335-NT, 2014 WL 4411600 at *4 (D. Me. Sept. 5, 2014).  Further, two of the four jobs upon which the administrative law judge relied, Record at 19, are classified at the sedentary exertional level, which by definition involve standing of either type "for brief periods of time."  *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) §§ 237.367-014 (call-out operator) and 379.367-010 (surveillance system monitor).  The failure to address this limitation further was harmless error, if it was error at all.

With respect to the limitation to part-time work, the plaintiff merely states that "[t]his supports a finding of disability pursuant to SSR 96-8p."  Itemized Statement at 2.  That may well

5

be, but that is not enough to establish entitlement to remand. Other medical evidence in the record supports the administrative law judge's necessarily-implied finding that the plaintiff could complete a normal workday. *E.g.,* Record at 69-76, 86-89 (state-agency physician evaluations). In addition, the administrative law judge's assertion that Hodsdon's report does not contain any objective clinical evidence to support a limitation to part-time work appears to be correct. *See id.* at 864-65.[2] Significantly, the plaintiff does not suggest any reason why the administrative law judge was required to adopt this limitation, and I am aware of none. *See, e.g., Allaire v. Astrue*, Civil No. 08-375-P-H, 2009 WL 3336107, at *4 (D. Me. Oct. 13, 2009) (administrative law judge not required to consider report of physical therapist on question of severity of impairment).

The plaintiff is not entitled to remand on this basis.

## 2. Sleep Apnea

The plaintiff contends that the administrative law judge should have found that his sleep apnea was a severe impairment. Itemized Statement at 4. Specifically, he asserts that "Sleep Apnea in fact is relevant in this case because of its interrelationship with Obesity in causing inability to sustain fulltime work . . . coupled with evidence from physical testing indicating that inability." Itemized Statement at 4. He does not identify the "evidence from physical testing" that he contends is in the record.

The plaintiff cites only Social Security Ruling 02-1p in support of this argument. *Id.* at 3-4. That Ruling "provide[s] guidance on SSA policy concerning the evaluation of obesity in disability claims[.]" Social Security Ruling 02-1p ("SSR 02-1p"), reprinted in *West's Social*

---

[2] At oral argument, counsel for the plaintiff argued that, while Hodsdon's report "may not delineate the test that led to" his conclusion that the plaintiff could only work 5-6 hours per day, his entire time with the plaintiff was a work capacity test ordered by his treating physician, and it was the kind of testing that such businesses do in order to reach the requested conclusions. I reject the contention that the entire evaluation constituted a single "test," as well as the suggestion, if one was intended, that the opinion of any person engaged in a business of rendering such opinions must be accepted without further consideration of its merit.

*Security Reporting Service* Rulings (Supp. 2014) at 251. Contrary to the plaintiff's implication, nothing in SSR requires an administrative law judge to find that whenever a claimant suffers from obesity and sleep apnea, the sleep apnea must be found to be a severe impairment. The SSR does say that obesity "commonly leads to, and often complicates" chronic diseases of the respiratory system, among many other impairments. *Id*. at 253. It also says, "[f]or example, some people with obesity also have sleep apnea. This can lead to drowsiness and lack of mental clarity during the day[,]" *id*. at 256-57; and "[i]n cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea[.]" *id*. at 257. These are the only mentions of sleep apnea in SSR 02-1p, which also states, significantly, that

> we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

*Id*. at 256.

The plaintiff's lack of citation of any evidence in the record to support his positon renders his argument conclusory on this point. The itemized statement does not identify any evidence that would require the administrative law judge to find that the plaintiff's sleep apnea was severe, nor does it cite any evidence that his sleep apnea, in combination with his obesity, would cause a specific work-related limitation that would necessarily "caus[e] inability to sustain fulltime work[.]" Itemized Statement at 4. *See, e.g., Parsons v. Astrue*, Civil No. 08-218-B-W, 2009 WL 166552 at *2-*3 (D. Me. Jan. 23, 2009).[3]

---

[3] At oral argument, the plaintiff's attorney contended that the administrative law judge wrongly considered sleep apnea as solely a limitation on mental functioning, which he characterized as "an error of law." He cited no authority in support of this characterization. I agree that sleep apnea is usually treated in Social Security caselaw as a physical impairment, *E.g., Payton v. Colvin*, Cause No. 1:13-cv-985-WTL-DKL, 2014 WL 3558143, at *5 (S.D. Ind. July 18,

On the showing made, the plaintiff is not entitled to remand on this basis.

### 3. Obesity

The plaintiff contends that the administrative law judge, as well as the state-agency reviewers, failed to "make any evaluation whatsoever of the impact of the Obesity on Claimant's Residual Functional Capacity[.]" *Id*. at 3. The defendant's motion for remand concerns only this issue. Memorandum of Law in Support of Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Ca[]se to the Defendant (ECF No. 11) at 1-2, 3-4. Given the defendant's position, remand for further consideration of this issue is indicated.

### III. Conclusion

For the foregoing reasons, the commissioner's decision is **REVERSED** and the case **REMANDED** for further proceedings consistent with this opinion.

Dated this 20th day of July, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

2014), but my research has located no authority holding that characterizing it as a mental impairment is an error of law, which would require remand. Some caselaw mentions mental impairments caused or worsened by sleep apnea. *See, e.g., Owens v. Commissioner of Soc. Sec.*, No. 3:13 CV 2824, 2014 WL 6686612, at *13 (N.D. Ohio Nov. 25, 2014) ("depression or the loss of mental clarity due to obesity-related sleep apnea"). In any event, the plaintiff has not shown that this error in characterization caused him harm by affecting the outcome of his claim for benefits.